UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
HECTOR GOMEZ,                                                           :
:
                              Plaintiff,                    :                18-CV-8559 (JMF)
:
          -v-                                                            :            MEMORANDUM OPINION
:                    AND ORDER
WINN MANAGEMENT GROUP LLC,                                              :
:
                              Defendant.                 :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Hector Gomez sues his former employer, Winn Management Group LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and New York Labor Law, N.Y. Lab. Law § 650 *et seq.* Docket No. 1. In response, Defendant moves pursuant to 9 U.S.C. § 4 to compel arbitration of Plaintiff's claims based on an arbitration agreement that purportedly bears Plaintiff's electronic signature. *See* Docket Nos. 12, 12-1 ("Witunski Aff.").

       "[U]pon being satisfied that the making of [an] agreement for arbitration or the failure to comply therewith is not in issue," a district court "shall make an order" directing the parties to arbitrate "in accordance with the terms of the agreement." 9 U.S.C. § 4. If an issue of fact exists as to the making of the agreement, however, the court must hold a trial on that issue. *See id.* "In deciding motions to compel, courts apply a standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks omitted). Applying those standards here, the Court concludes that a genuine issue of material fact exists as to whether Plaintiff agreed to arbitrate his claims with Defendant — specifically, whether Plaintiff himself signed the arbitration agreement. *See* Witunski Aff. In

particular, Plaintiff puts forward evidence that Defendant's "Custom Training Record Report" — a log purportedly showing the date and time that Plaintiff completed various employment-related webinars and "tests," including one about the arbitration agreement — is unreliable and inaccurate because it shows that he took three webinars and follow-up tests on an evening that he was in the hospital receiving medical care for an on-the-job injury. *See* Docket No. 17-1, ¶¶ 4-9. Drawing all reasonable inferences in Plaintiff's favor, such evidence would permit a reasonable factfinder to disregard the training log *and* the other evidence offered by Defendant — including the signed agreement — and find that Plaintiff did not sign the agreement, which would of course mean he is not obligated to arbitrate. *See, e.g.*, *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 370 (2d Cir. 2003) (holding that a party was not obligated to arbitrate because its signature on the arbitration agreement was forged and, under New York law, "a forged signature renders a contract void *ab initio*").

In light of the foregoing, Defendant's motion is DENIED. In addition, counsel for all parties shall appear for a conference before the Court on **June 12, 2019 at 3:30 p.m.** in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, to discuss further proceedings in this case. The parties are directed to confer prior to the conference and, no later than **June 10, 2019**, to submit a joint letter on ECF advising the Court of their views on the following subjects in separately numbered paragraphs:

1. Whether there is a need or basis for discovery in connection with the question whether Plaintiff agreed to arbitration;
2. Whether a trial on that issue should be to a jury or not, *see* Docket No. 15, at 3;
3. If such a trial is needed, when it should be scheduled;
4. Whether renewed efforts at settlement might be fruitful; and

5. Any other issues the parties wish to raise with the Court.

The Clerk of Court is directed to terminate Docket No. 12.

SO ORDERED.

Dated: June 3, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge